UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                      CRIMINAL ACTION NO. 5:22-cr-00182

CHRISTOPHER SMYTH

### ORDER

Pending is Defendant's Motion to Continue Trial [Doc. 81]. On February 9, 2024, the Court held a telephonic status conference. As more fully stated on the record, the Court continued the trial to the parties' mutually agreed upon date.

The Court **FINDS** that the interests of the public and the Defendant in a speedy trial are outweighed by the ends of justice served by granting a continuance. Accordingly, for good cause shown, the Court **GRANTS** the Motion **[Doc. 81]**.  The trial, previously scheduled for February 13, 2024, is **CONTINUED** to **April 29, 2024, at 9:00 a.m.**   The Court additionally **ORDERS** as follows:

1. That counsel must be prepared to select a jury on the Friday immediately preceding trial if so ordered;

2. That the deadline for filing superseding indictments, if any, shall be thirty (30) days prior to the trial date;

3. That the parties must submit their respective proposed witness lists, voir dire, jury instructions and verdict forms no later than **April 19, 2024.**  The proposed witness lists, voir dire, jury instructions and verdict forms must be submitted in Microsoft Word format via email to Sydney_Johnston@wvsd.uscourts.gov;

4. That pretrial motions will be heard **April 9, 2024, at 11:00 a.m.**, before the Honorable Omar J. Aboulhosn, United States Magistrate Judge, at the United States District Court in Beckley and that any motions to be addressed at the pretrial motions hearing, as well as any motions in limine, shall be filed no later than **April 2, 2024;**

5. That the parties must notify the Court of any proposed plea agreement so that a plea hearing may be scheduled a week before trial. Should a scheduled plea hearing not be completed, the Court is unlikely to consider that event to support a continuance of the trial.

For purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161-74, the Court may under certain conditions exclude "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). If the continuance is granted "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," the Court is required to state "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The factors that govern the analysis -- and which the Court "shall consider" in passing on a continuance under § 3161(h)(7)(A) -- are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period

2

> specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Our Court of Appeals has observed as follows respecting the ends-of-justice continuance:

> The government alternatively argues that the delay is excluded because it served the ends of justice. Under the Act, a court may exclude a period of delay if two things happen: (1) the "judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"; and (2) "the court sets forth, in the record of the case, either orally or in writing, its reasons for [the] finding[s]." § 3161(h)(7)(A); *United States v. Smart*, No. 22-4209, slip op. at 7, ---- F.4th ----, ----, 2024 WL 220378 (4th Cir. Jan. 24, 2024). In other words, it first must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994). And, second, the court must set forth the reasons for its finding no later than when it rules on a defendant's motion to dismiss. *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008). If the district court fails to meet these requirements, then the delay is not excluded from the speedy-trial clock.

*United States v. Hart*, No. 20-4534, 2024 WL 271125, at *4 (4th Cir. Jan. 25, 2024) (alterations in original).

The Court **FINDS** the failure to grant the continuance would result in a miscarriage of justice. Specifically, counsel would be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court **FINDS** that the time from and including **February 13, 2024**, through **April 29, 2024**, is excludable from the computation of time within which trial must commence, pursuant to 18 U.S.C. § 3161(h)(7)(A).

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 16, 2024

Frank W. Volk
United States District Judge