IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA

v().  Criminal No.:  5:22-00182

CHRISTOPHER J. SMYTH

**Defendant's Response in Opposition to the
Government's Motion to Provide 5th Amendment Warning and Appoint Counsel**

Although the government may have secured discretionary authority to pursue a conspiracy charge against one of the defense witnesses along with the defendant, *it chose not to*. That witness is neither the subject nor the target of any ongoing federal investigation. The individual in question is merely a witness, at a stage in this case where there is no possibility that the government could secure a superseding indictment.

The government's motion indicates that the prosecution team secured authority to charge this person "along with the defendant," which may mean that there is no standalone authorization which would permit the Division to pursue a separate case solely against the witness at issue. Indeed, if the Tax Division has followed its own Procedures for Prosecution Authorizations, then presumably this very prosecution team has recommended that charges *not* be brought against the witness in question. See Criminal Tax Manual, at § 1.04[2]. Assuming that such a recommendation exists, the prosecution team should be ordered to produce both the authorization and the recommendation to the defense so that the parties and the Court can assess whether there is a realistic possibility that this witness might be charged.

The government in this case is afraid that the witness will offer damaging testimony and is therefore engaging in "interference with a defense witness' free and unhampered choice to testify which violates due process." *United States v. Jackson*, 935 F.2d 832, 846 (7th Cir. 1991) *see also United States v. Blackwell,* 694 F.2d 1325, 1334 (D.C.Cir.1982) ("The constitutional right of a criminal defendant to call witnesses in his defense mandates that they be free to testify without fear of governmental retaliation.").

A quick review of the cases relied upon by the government reveals that none of them support issuing a warning or appointing counsel to represent the witness in these circumstances. In *Jackson*, the Seventh Circuit reluctantly approved of a neutral warning where the witness "was the target of an ongoing federal investigation into bank fraud." *Id.* Similarly, the defense witnesses in *United States v. Crawford* "were targets of other investigations." *See* 707 F.2d 447, 450 (10th Cir. 1983); *United States v. Pablo*, 696 F.3d 1280, 1296 (10th Cir. 2012) (defense witnesses were present "before, during, and after" a violent rape). The actual prosecutors in this case have already considered and determined not to seek charges against the witness at issue.

The government cannot make witnesses unavailable to the defense simply by thinking about – and then declining – to bring charges against them. Jeopardy has attached in this case, and there is no possibility that the witness in question will be charged alongside the defendant.

**CHRISTOPHER J. SMYTH,**
By Counsel,

  /s/ Isaac R. Forman
Isaac R. Forman (WVSB # 11668)
Hissam Forman Donovan Ritchie PLLC
P.O. Box 3983
Charleston, WV 25339
(681) 265-3802
(304) 982-8056 *facsimile*
iforman@hfdrlaw.com