UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                            CRIMINAL ACTION NO. 5:22-cr-00182

CHRISTOPHER J. SMYTH

**MEMORANDUM OPINION AND ORDER**

On March 3, 2025, the Court convened for sentencing. The Court imposed sentence but deferred judgment on the matter of restitution pending the parties' briefing on the issue. The parties timely submitted their briefs on March 17, 2025. [ECF 160–61].

**I.**

Defendant Christopher J. Smyth stands convicted of corrupt or forcible interference with administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a), and willful failure to collect or pay taxes, in violation of 26 U.S.C. § 7202. Mr. Smyth dodged his trust fund tax obligations for over a decade. According to the Presentence Report ("PSR"), Mr. Smyth owes $4,710,318.22. At the November 22, 2024, sentencing hearing, the Court found that Wyoming County's Best's tax loss -- $93,608.46 -- should not be attributed to Mr. Smyth. Accordingly, the amount of restitution owed is $4,616,709.76.

The Government "requests the Court to order the defendant to pay restitution as a condition of supervised release, to order the restitution due and payable in full during the term of supervision, and to impose a payment schedule at the rate of not less than 15% of Smyth's monthly gross earnings." [ECF 160]. Mr. Smyth alternatively requests the Court to permit him to pay his

restitution obligation through participation of the Bureau of Prisons' Inmate Financial Responsibility Program. [ECF 161].

## II.

Federal courts lack "the inherent authority to order restitution." *United States v. Steele*, 897 F.3d 606, 609 (4th Cir. 2018) (internal quotations and citations omitted). "The power to order restitution must therefore stem from some statutory source." *Id*. (internal quotations and citations omitted). One such source is 18 U.S.C. § 3583(d), which pertinently provides the district court "shall order, as an explicit condition of supervised release, . . . the defendant make restitution in accordance with sections 3663 and 3663A." 18 U.S.C. § 3683(d). The schedule in which restitution is paid is determined in consideration of (1) "the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled;" (2) "projected earnings and other income of the Defendant;" and (3) "any financial obligations of the Defendant, including obligations to dependents." *Id.* § 3664(f)(2).

First, Mr. Smyth's assets include six vehicles, one of which is jointly owned, and one personal checking account, all totaling $97,480.88. [PSR at 22]. Second, Mr. Smyth's monthly income is $3,365.09. [*Id.* at 23]. Lastly, Mr. Smyth's liabilities include vehicle and credit card loans totaling $71,648.90, making his total net worth $25,831.98 without his restitution obligation. [*Id.* at 22]. Moreover, his monthly expenses total $9,027.06, which results in a negative monthly cash flow of $5,661.97. [*Id.* at 23]. Upon consideration of these facts, and Mr. Smyth's ability to reduce his monthly expenses to compensate for the ordered payment, the Court **FINDS** that the following restitution payment schedule is appropriate and shall serve as a special condition of Defendant's supervised release:

> The defendant shall pay restitution to the Internal Revenue Service, in the amount of $4,616,709.76. The defendant shall pay restitution during any term of

incarceration through participation in the Bureau of Prisons' Inmate Financial Responsibility Program in quarterly installments of $25, with any balance to be paid through monthly installments of no less than $100 during a term of supervised release with the first installment to be paid within 30 days of release from incarceration, until the full amount has been paid. Payments shall be paid to the Clerk of the Court at the following address: United States District Clerk's Office, Robert C. Byrd Federal Building, United States Courthouse, 110 North Heber Street, Suite 119, Beckley, West Virginia 25801.

An increase will be considered upon proper motion from the Government following the Defendant securing employment upon his release if the circumstances so warrant.

Moreover, if the restitution exceeds $2,500 and it is not paid within 15 days after judgment, the Defendant must pay interest. 18 U.S.C. 3612(f)(1). The parties did not take a position on the matter of interest. Based on the facts provided herein, the Court **FINDS** that the interest on any restitution is to be waived.

The Clerk is directed to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:       April 21, 2025

Frank W. Volk
Chief United States District Judge